*PALMER & AL. vs. PALMER & AL.*

PALMER & AL.
*vs.*
PALMER & AL.

Courts of probates are courts of limited jurisdiction, and can only reach cases provided for by statute.

APPEAL from the court of the third district, the judge of the district presiding.

Upon a final partition of the estate of Archibald Palmer, deceased, the plaintiffs, who were forced coheirs with the defendants, received as their portion of the estate a certain moiety of a tract of land. They alleged in their petition, that their ancestor had no title to the land, that it belonged to another individual with whom they were unwilling to contend; and this suit was brought in the court of probates to recover an indemnity. The defendants excepted to the jurisdiction of the court on the ground that, if after a final partition there be any failure of title to any part of the property divided, a suit on the mutual warranty of the coheirs must be brought in the district court; which plea was sustained, and judgment rendered in their favor. The district court confirmed the judgment, and the plaintiff appealed.

*Harralson & Haile*, for the appellants; *Bradford*, for the appellees.

Eastern District.
*March*, 1830.

PALMER & AL.
*vs.*
PALMER & AL.

MARTIN J. delivered the opinion of the court. This suit originated in the court of probates, and was instituted to recover from the defendants, coheirs with the plaintiffs of Archibald Palmer, an indemnity on the ground that in the partition which had been made among these parties of the estate of their common ancestor, land had been allotted to the plaintiffs, part of which had since been discovered not to have belonged to the estate, but to a third party, with whom the plaintiffs were unwilling to contend.

The judgment of the court of probates was brought by appeal to the district court ; where the defendants' plea to the jurisdiction of the court of probates was sustained, and judgment was given in their favor.

From the judgment of the district court, the plaintiffs have taken the present appeal.

We are of opinion the *district court did* not err. Courts of probates are courts of limited jurisdiction, which can only reach cases to which the statutes extended it. The present case is not one of these.

Courts of probates are courts of limited jurisdiction, and can only reach cases provided for by statute.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.